IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-306-BR

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE TYRONE MERRITT | ORDER |

This matter is before the court on defendant's motions for compassionate release. (DE ## 59, 63.)

In 2018, defendant pled guilty to felon in possession of a firearm. The court sentenced him to 63 months imprisonment. Defendant is now 40 years old and has been in custody more than three years, with a projected release date in January 2022, see Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 64185-056) (last visited Oct. 9, 2020).

In May 2020, by two letters, defendant requested that he be released early from imprisonment to home confinement. (DE ## 55, 57.) The court construed the letters as motions for a sentence reduction under § 3582(c)(1)(A) and denied them without prejudice to defendant exhausting his administrative remedies. (DE # 58.)

In June 2020, defendant filed another letter with the court, again requesting early release to home confinement. (DE # 59.) Construing the letter as a motion and pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant to determine whether he may qualify for relief under the First Step Act of 2018 ("First Step

Act"). Appointed counsel filed a motion for compassionate release, (DE # 63), to which the government filed a response in opposition, (DE # 64).

Defendant requests a reduction in his sentence of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[2] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the

---
[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).
[2] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions filed by the Bureau of Prisons. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

> (A) Medical Condition of the Defendant.—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n.1.

Before considering the merits of the motion, it appears defendant exhausted his administrative rights in the Bureau of Prisons prior to filing the motion. (See DE # 59-1.) The

3

government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. (Resp., DE # 64, at 3.)

Turning to the merits, "in considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." Kibble, 2020 WL 3470508, at *2 (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)). The Centers for Disease Control and Prevention's ("CDC") list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant contends his history of obesity "makes him particularly vulnerable for severe complications due to COVID-19," (Mot., DE # 63, at 4), and therefore extraordinary and compelling reasons warrant a reduction in his sentence. The government "acknowledges that Defendant presents a risk factor (obesity) identified by the CDC as heightening the risk of severe injury or death were [he] to contract COVID-19." (Resp., DE # 64, at 14-15.) However, it argues, defendant's sentence should not be reduced considering the relevant § 3553(a) factors, defendant's potential danger to the community, and his failure to provide an adequate release plan. (Id. at 15, 17.)

Defendant relies on the fact that at the time of sentencing, his height was 5 feet, 10 inches, and his weight was 237 pounds. (Mot., DE # 63, at 4 n.2 (citing (PSR, DE # 31, at 2)).) According to the CDC, that height and weight fall within the obese category for adults. See Centers for Disease Control and Prevention, Adult BMI Calculator, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/

4

bmi_calculator.html (last visited Oct. 13, 2020). And, obesity increases a person's risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 13, 2020). However, defendant was sentenced more than two years ago. He has not submitted any medical records with his motions or provided any information about his current weight or health. In fact, in his prior letters to the court and request for compassionate release to the Warden, defendant does not even mention his health. (See DE ## 55, 57, 59-1.) Having a history of obesity is not a CDC high-risk factor. See Halladene v. Decker, No. 20 Civ. 2883 (GBD), 2020 WL 5210995, at *2 (S.D.N.Y. Sept. 1, 2020); United States v. Harding, No. 3:14cr226 (MPS), 2020 WL 2988955, at *3 (D. Conn. June 4, 2020). Currently, at USP Big Sandy, where defendant is incarcerated, 7 inmates are positive for COVID-19, and 44 inmates and staff have recovered from the infection. Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2020). The infection rate there appears to be low, but the court recognizes that less than half of the inmates have been tested. See Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/ (last visited Oct. 13, 2020) (showing 451 out of 1316 inmates at USP Big Sandy have been tested). Considering all the circumstances, defendant has not shown extraordinary and compelling reasons to warrant a reduction in his sentence.

Defendant's motions for compassionate release are DENIED.

This 13 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge